# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN AYERS, et al.,<br><br>                    Plaintiff,<br><br>  vs.<br><br>JAMES YIU LEE, et al.,<br><br>                    Defendant. | CASE NO. 14cv542-LAB (WVG)<br><br>**ORDER SEVERING CLAIMS; AND**<br><br>**ORDER TERMINATING MOTIONS TO DISMISS, AND DENYING AS MOOT MOTION FOR AN EXTENSION OF TIME TO OPPOSE MOTION TO DISMISS** |

     In August, when this case was already two years old, Defendant Larissa Ettore filed a third party complaint seeking indemnification against two new parties. They are now each seeking dismissal for lack of personal jurisdiction and Ettore is seeking an extension of time to respond to one of the two motions.

     In view of the age of the case and the apparently tangential relationship between Ettore's third party claims and the case in chief, the Court issued an order to show cause why her third party claims should not be severed from the case in chief. Ettore and Defendant Calvo filed responses. The latter does not oppose severance for purposes of case management, but Ettore opposes it.

     Ettore's opposition in very general terms argues that because the claims are closely related, keeping them together in one case instead of two related cases would conserve

judicial resources and keep costs down. (Ettore Opp'n (Docket no. 101), 2:20–24). The brief does not explain why severing the claims but keeping the cases related would cost more, or consume more judicial resources.

The Court is empowered to sever claims in order to structure the case for the efficient administration of justice *See Seely v. Baca*, 2016 WL 829915, at *1 and n.2 (D. Nev., Mar. 1, 2016) (citing Fed. R. Civ. P. 21 and 4 J. Moore, *Moore's Federal practice*, § 21.02, at 21-3 (3d Ed. 2013)). Third-party indemnification claims, such as the one at issue here, are commonly severed to prevent delay and confusion. *See, e.g., U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2013 WL 6671774 (N.D. Cal., Dec. 18, 2013) (construing Fed. R. Civ. P. 14(4) and committee notes as authorizing sua sponte severance of indemnification claim). While Ettore's third party claims are related to those in the case in chief, they are not so closely related that litigating them all together would result in significantly greater efficiency or conservation of resources. Furthermore, the case has expanded over time, with various delays and side issues. For example, Defendant Connie Castellanos declared bankruptcy, so the claims against her are stayed. And Defendant James Yiu Lee is now incarcerated.

The Court concludes that Ettore's third party indemnification claims against Ronald Huxtable and David Calvo would be better litigated separately. Ettore is **ORDERED** to file her Third Party Complaint as a complaint. The filing fee is **ORDERED** waived, and the Clerk shall accept the new complaint for filing without a fee. *See Tierravision, Inc. v. Research in Motion Ltd.*, 2011 WL 4862961, at *1 (S.D. Cal. Sept. 16, 2011) (ordering the Clerk of the Court to waive all fees for the new cases to be filed by Plaintiff after granting motion to sever claims). The Clerk shall assign a new case number, and open a new docket. The new case should be designated as related to this one.

Third party Defendants Ronald Huxtable and David Calvo may refile their motions to dismiss the complaint in the new case. The Clerk is directed to terminate their motions in

/ / /

/ / /

/ / /

1 | this docket. (Docket nos. 94, 95.) Ettore's motion for extension of time to file a reply to
2 | Huxtable's motion (Docket no. 96) is **DENIED AS MOOT**.

4 |     **IT IS SO ORDERED**.
5 | DATED: November 21, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge