UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kathryn Ayers, et al,<br><br>                            Plaintiffs,<br><br>v.<br><br>James Yiu Lee, et al,<br><br>                            Defendants. | Case No.: 14cv542-LAB-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION FOR EXTENSION OF DISCOVERY** |

### I.  PROCEDURAL BACKGROUND

On November 17, 2016, Plaintiff filed an Ex Parte Joint Motion to Continue Discovery.  (ECF No. 100.)  In that motion, Plaintiff outlined the need for an extension to complete necessary discovery in this case.  (*Id.*)  On November 21, 2016, The Honorable Judge Burns issued an order severing certain claims in this case.  (ECF No. 104.)  On November 29, 2016, an entry of default was entered against Defendant James Yiu Lee.  (ECF No. 106.)  The severing of claims and the entry of default impacted the discovery requested in Plaintiff's November 17th Motion.  Therefore, the Court held a telephonic status conference with the parties to determine what discovery remained outstanding, given the recent changes to the parties and claims at issue in the case.  (ECF No. 109.)  During that call, Plaintiffs agreed to file a supplemental declaration specifying the discovery needed and the proposed timeline no later than December 14, 2016 (*id.*), which

they did. (ECF No. 114.)

Plaintiffs' supplemental declaration identifies nine individuals to be deposed: Jean Lee, Alice Lee, Clayton R. Lee, Crystal Lee, Connie Castellanos, Larissa Ettore, Dr. Jeffrey Reuben, Cher Lintz and Lolita Gatchalian. (*Id.* at 2.) Plaintiffs propose certain dates by which they hope to complete these depositions through February 10, 2017. (*Id.*) Plaintiff's also request permission to issue a subpoena to Scotttrade Options First, (*id.* at 2-3), and serve requests for admissions on Larissa Ettore on or before January 20, 2017. (*Id.* at 3.)

## II. RELEVANT LAW

A schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("In general, the pretrial scheduling order can only be modified 'upon a showing of good cause.'") (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 607–08. A district court may modify the pretrial schedule "if it cannot reasonably be met despite diligence of the party seeking the extension." *Id.* at 608; *see also* Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 amendment).

## III. DISCUSSION

The Court acknowledges the complex procedural components of this case, and finds that Plaintiffs have shown good cause to warrant a limit extension of discovery.[1] The Court emphasizes that it is not inclined to grant any further extensions of discovery, absent good cause.

---

[1] Plaintiffs requested permission to "issue subpoenas for credit card records for those who assisted JYL with his fraud." (ECF No. 114 at 3.) The Court does not find this sufficiently specific and will not permit this discovery. This request is DENIED, without prejudice. Plaintiffs can request permission to issue these subpoenas when they can identify the companies to be subpoenaed and the number of subpoenas they are requesting. The Court will not grant a blanket extension. Should Plaintiffs seek permission to conduct such discovery, they should be mindful of the requirement of due diligence.

Case 3:14-cv-00542-BGS-NLS   Document 115   Filed 12/16/16   PageID.1174   Page 3 of 4

All discovery specified below must be **completed[2] by February 10, 2017**. The Court notes that, although Plaintiffs filed the supplemental declaration, this motion was originally a joint request by both parties. As a result, the Court expects **both parties** to cooperate and participate in the outstanding discovery ordered below, which should negate any discovery disputes. However, to the extent discovery disputes arise, **counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a)**. The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court**.

### IV. PERMITTED DISCOVERY

Plaintiffs' request for an extension of discovery is **GRANTED** in part, as follows:

1. Plaintiffs are permitted to depose Jean Lee, Alice Lee, Clayton R. Lee, Crystal Lee, Connie Castellanos, Larissa Ettore, Dr. Jeffrey Reuben, Cher Lintz and Lolita Gatchalian. These depositions must be completed no later than February 10, 2017.
2. Plaintiffs are permitted to subpoena Scotttrase Options First.
3. Plaintiffs are permitted to serve Requests for Admission on Defendant Ettore, and must do so no later than January 20, 2017.

Plaintiffs' request for an extension of discovery is **DENIED** in part, as follows:

1. Plaintiffs' request to "issue subpoenas for credit card records for those who assisted JYL with his fraud" is **DENIED**, without prejudice.

---

[2] "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.

2. All other requests in the original motion are **DENIED**, with prejudice.

IT IS SO ORDERED.

Dated:  December 16, 2016

_____
Hon. Bernard G. Skomal
United States Magistrate Judge

4

14cv542-LAB-BGS