UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kathryn Ayers, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>James Yiu Lee, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 14cv542-BGS (NLS)<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR AN ORDER REQUIRING FEDERAL BUREAU OF PRISON COMPLIANCE WITH SUBPOENAS**<br>**[ECF NO. 162]** |

## I. INTRODUCTION

Presently before the Court is Plaintiffs Pamela Bridgen and Hal Blatman's ("Plaintiffs") Motion for An Order Requiring the Federal Bureau of Prisons Compliance with Subpoenas ("Motion") (ECF No. 162), in which Plaintiffs seek to enforce a subpoena served on the Bureau of Prisons to obtain records related to former Defendant James Yiu Lee's ("Lee") communications with Defendant Larissa Ettore ("Ettore") while Lee was in custody at Bureau of Prison facilities. (ECF No. 162.)

On May 25, 2017, Plaintiffs filed an Ex Parte Application to Shorten Time for Motion to Compel the United States Department of Justice, Bureau of Prisons ("Bureau of Prisons") to Comply with Subpoenas. (ECF No. 160.) The Court granted the Ex Parte Application (*see* ECF No. 161) and the underlying Motion was docketed on May 26, 2017. (ECF No. 162.)

Pursuant to the Court's Order granting the Ex Parte Application (ECF No. 161), Plaintiffs filed supplemental briefing and a revised subpoena on May 30, 2017. (ECF No. 163.) In response, on June 2, 2017 the Bureau of Prisons filed a Statement of Qualified Non-Opposition to Plaintiffs' Motion to Compel Compliance with Subpoenas, in which it maintains that while the Privacy Act, 5 U.S.C. § 552a, bars disclosure of the requested records (ECF No. 164 at 2), it will release them subject to court order pursuant to 5 U.S.C. § 552a(b)(11).

That same day, Defendant Ettore filed an Opposition to Plaintiffs' Motion. (ECF No. 165.) This briefing was not required under the Court's Order setting forth the briefing schedule for the Motion. (*See* ECF No. 161.) Subsequently, Plaintiffs filed a Reply to Defendant Ettore's Opposition to Motion to Compel Compliance with Subpoenas on June 4, 2017. (ECF No. 166.)

For the reasons set forth below, the Court hereby **GRANTS IN PART** Plaintiffs' Motion to Compel Compliance with Subpoenas (ECF No. 162) subject to the limitations set forth below.

## II. BACKGROUND

This action stems from a securities fraud orchestrated by former Defendant Lee. On or about April 19, 2017 and May 5, 2017[1], Plaintiffs issued subpoenas on the Bureau of Prisons for records relating to former Defendant Lee's communications while incarcerated at two of their facilities.[2] (ECF No. 162-1 at 6-8.) Both subpoenas were served on counsel for Defendant Ettore and former Defendant Lee. (*Id.*; ECF No. 162-2 at 5-6, 14-15.) Neither Defendant Ettore nor former Defendant Lee filed a motion to quash either of the subpoenas. (*See* ECF No. 161 at 16.)

---

[1] Plaintiffs originally served the Bureau of Prisons with subpoenas pursuant to both Rules 45 and 69. (*See* ECF No. 162.) However, pursuant to the Court's Order granting the Ex Parte Application (ECF No. 161), Plaintiffs have removed any reference to Rule 69 in the reissued subpoena filed on May 30, 2017. (*See* ECF No. 163; ECF No 163, ex. 1.)

[2] Inmates receive numerous warnings and notices that their emails, in-person visits, and correspondence are subject to prison surveillance. (ECF No. 161 at 6.)

Following service of the April 19, 2017 subpoena, the Bureau of Prisons informed Plaintiffs that the records sought fell under the protections of the federal Privacy Act, 5 U.S.C. § 552(a), and as such could not be produced absent court order. (ECF No. 162-1 at 7.) Plaintiffs were also informed they needed to submit a request pursuant to the Department of Justice's *Touhy* regulations, 28 C.F.R. §§ 16.21-16.26, to show the relevance of the documents sought. (*Id.*) Plaintiffs were required to supplement their relevancy showing three times and relied heavily on the pursuit of a "judgment enforcement against [former Defendant Lee]" to establish the relevancy of documents sought that did not involve Defendant Ettore. (*Id.* at 7-9.) Plaintiffs were informed their revised *Touhy* request was approved on May 17, 2017. (*Id.* at 9.) Their Ex Parte Application to Shorten Time regarding the underlying motion to compel was filed May 25, 2017. (ECF No. 160.)

In the Court's Order granting Plaintiffs' Ex Parte Application to Shorten Time, it made clear that it "never authorized discovery related to the enforcement of the prior default judgment entered against former Defendant Lee in this action" and accordingly ordered Plaintiffs "to revise the scope of the subpoena at issue so as to limit it to information relevant to Defendant Ettore and the single cause of action pending against her." (ECF No. 161 at 2- 3.) Plaintiffs submitted a revised subpoena that no longer referenced Federal Rule of Civil Procedure Rule 69, permitting discovery pursuant to the enforcement of a judgment, but kept the scope of the subpoena identical to the May 5, 2017 subpoena. This May 30, 2017 subpoena ("Revised Subpoena") still encompasses *all* of former Defendant Lee's communications while incarcerated. (*See* ECF No. 163-1 at 4.)

In its briefing to the Court, the Bureau of Prisons maintains that while the Privacy Act, 5 U.S.C. § 552a, bars disclosure of the requested records, the Court may issue an order authorizing such disclosure pursuant to 5 U.S.C. § 552a(b)(11). (ECF No. 164 at 1.) Further, it will "comply with the Court's ruling on the proper scope of the subpoena." (*Id.* at 2.)

Defendant Ettore opposes the motion to compel compliance with the Revised

Subpoena filed by Plaintiffs. She maintains that the scope of the subpoena is overbroad, as it fails to protect "attorney client privileged communication." (ECF No. 165 at 1-2.) Because counsel for Defendant Ettore also represented former Defendant Lee for a period of time, the categories of attorney client privileged communication that Defendant Ettore is concerned could be disclosed are those between (1) former Defendant Lee and Sharif | Faust lawyers; (2) Defendant Ettore and Sharif | Faust lawyers; and (3) former Defendant Lee, Defendant Ettore, and Sharif | Faust lawyers. (*Id.* at 4.)

Fact discovery closes July 1, 2017 (see ECF No. 156). The Bureau of Prisons has requested five court days to produce any records deemed relevant. (ECF No. 164 at 2.)

### III. LEGAL STANDARDS

Federal Rules of Civil Procedure ("Rules") 26 and 45 govern discovery from nonparties by subpoena. *See Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (applying both rules to motion to quash subpoena). Under Rule 45(a)(1)(C), a nonparty to a civil suit may be subpoenaed for documents relevant to the suit. A person commanded to produce documents may serve a written objection to the subpoena. Fed. R. Civ. P 45(d)(2)(B). If the commanded person withholds subpoenaed information under a claim that it is privileged, the person must (1) expressly make the claim, and (2) describe the nature of the withheld documents in a manner that will enable the parties to assess the claim. Fed. R .Civ. P. 45(e)(2)(A). The serving party may, at any time, on notice to the commanded person, move the court for an order compelling production. Fed. R. Civ. P. 45(d)(2)(B)(I).

Although relevance under Rule 26 is not listed as a consideration in Rule 45, "courts have incorporated relevance as a factor when determining motions to quash a subpoena." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (citation omitted); *see Greenspan v. Cty. of San Diego*, No. 13CV210-LAB DHB, 2014 WL 171653, at *1 (S.D. Cal. Jan. 9, 2014) (first noting that the records at issue "are clearly relevant to the Plaintiff's case") The scope of discovery is limited to information "that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. Proc. 26(b)(1).

In general, a party to an action has no standing to quash a subpoena served on a third party except as to "claims of privilege relating to the documents being sought." *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014); *see also Hawaii Reg'l Council of Carpenters v. Yoshimura*, No. CV 16-00198 ACK-KSC, 2017 WL 738554, at *2 & n.3 (D. Haw. Feb. 17, 2017) (summarizing history of this rule in the Ninth Circuit).

The Privacy Act generally prohibits federal government agencies from disclosing private records "contained in a system of records" without authorization of the "individual to whom the record pertains." 5 U.S.C. § 552a(b). However, the Privacy Act contains numerous exceptions, one of which authorizes the disclosure of such records "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). Records that may otherwise be protected by the Privacy Act may still be discovered through litigation if ordered by a court. *S.E.C. v. Gowrish*, No. C 09-05883 SI, 2010 WL 1929498, at *2 (N.D. Cal. May 12, 2010). The test of discoverability in such a circumstance remains Rule 26's relevance standard. *See Hassan v. United States*, No. C05-1066C, 2006 WL 681038, at *2 (W.D. Wash. Mar. 15, 2006) ("a party can invoke discovery of materials protected by the Privacy Act through the normal discovery process and according to the usual discovery standards, and the test of discoverability is the relevance standard of Rule 26(b)(1) of the [Federal Rules of Civil Procedure]")

## IV. DISCUSSION

In its Order granting the Ex Parte Application, the Court ordered Plaintiffs "to revise the scope of the subpoena at issue so as to limit it to information relevant to Defendant Ettore and the single cause of action pending against her." (ECF No. 161 at 3.) Plaintiffs submitted the Revised Subpoena in which they removed any reference to Rule 69; however, the contents of the records requested in the Revised Subpoena remain the same as listed in the May 5, 2017 subpoena and include no language targeting records related to former Defendant Lee's communications with Defendant Ettore. Instead, Plaintiffs request

> Visitor logs showing **all** visitors for Prisoner [Lee]; copies of **all** emails sent and received by Prisoner and in the absence of emails, screen prints of records reflecting emails sent and received; copies of **all** correspondence sent and received by Prisoner; and copies of **all** existing tape recordings of Prisoner's conversations including telephone calls and visits.

(ECF No. 163-1 at 4 [emphasis added].) Further, they request "Documents related to the review and approval of those seeking visitation rights with Prisoner and rights to send and receive email from Prisoner[ ] . . . include[ing] any documents that provide a list of approved visitors and email partners." (*Id.*)

As the Court made clear in its Order granting the Ex Parte Application, the sole cause of action before the Court is Plaintiffs' claim against Defendant Ettore for alleged violations of the Nevada Securities Act, Nev. Rev. Stat. § 90.660(4). (ECF No. 161 at 2; *see* ECF Nos. 65, 136-37, 140, 146, 157.) Despite the Court providing Plaintiffs with an opportunity to tailor the scope of the Revised Subpoena to the single claim at issue regarding Defendant Ettore, they failed to do so. Instead, Plaintiffs attempt to explain the relevance of all communications made by former Defendant Lee while in custody. (*See* ECF No. 163 at 2-3.) They maintain that such communications would "provide[ ] highly probative evidence of [Defendant] Ettore's state of mind in connection with her involvement with [former Defendant Lee] and her consistent pattern of aiding and abetting [former Defendant Lee] in his fraud and enterprise in violation of Nevada statute." (*Id.* at 2.)

Given that the communications sought are for the admitted purpose of establishing Defendant Ettore's state of mind, the only relevant communications at issue would be those between former Defendant Lee and Defendant Ettore. Accordingly, the Court limits the scope of the Revised Subpoena as follows:

> Visitor logs showing **Larissa Ettore's visits to** Prisoner; copies of all emails sent **by Prisoner to Larissa Ettore, received by Prisoner from Larissa Ettore, and sent by Prisoner that Larissa Ettore was copied on**, and in the absence of emails, screen prints of records reflecting **the aforementioned categories of** emails sent and received; copies of all

correspondence sent **by Prisoner to Larissa Ettore and received by Prisoner from Larissa Ettore**; and copies of all existing tape recordings of Prisoner's conversations **with Larissa Ettore** including telephone calls and visits.[3]

Plaintiffs' request for "[d]ocuments related to the review and approval of those seeking visitation rights with Prisoner and rights to send and receive email from Prisoner[ ] . . ." is also limited to only those documents related to Defendant Ettore becoming an "approved visitor and email partner." (*See* ECF No. 163-1 at 4.)

In light of these revisions limiting the scope of the subpoena to communications between former Defendant Lee and Defendant Ettore, Privacy Act concerns regarding the materials produced pursuant to the subpoena should be assuaged. *See Hassan*, 2006 WL 681038, at *2 ("as long as the information sought is relevant and otherwise discoverable, Defendant's 'privacy' objection cannot defeat Plaintiffs' requests"). As discussed above, communications between former Defendant Lee and Defendant Ettore could evidence her state of mind regarding the fraudulent scheme and her involvement. Accordingly, they are relevant to the state securities act claim Plaintiffs have brought against Defendant Ettore.

As noted above, Defendant Ettore has expressed concern regarding the potential disclosure of communications subject to the attorney client privilege. Although the Court acknowledges that no formal motion to quash or for a protective order was filed by Defendant Ettore, *see Hawaii Reg'l*, 2017 WL 738554, at *2, in light of both Plaintiffs' and the Court's revisions to the subpoena, the Court construes Defendants' Opposition (ECF No. 165) as a timely motion to quash the Revised Subpoena. *See Anderson v. Clawson*, No. C 13-0307 LHK (PR), 2014 WL 3725856, at *2 (N.D. Cal. July 25, 2014) (construing filed objection/opposition to an opposing party's subpoena as a motion to quash).

Under the Court's revised subpoena, conversations between (1) former Defendant Lee and counsel, and (2) Defendant Ettore and counsel would be not be included. The only scenario in which a communication could be subject to the attorney client privilege *and*

---

[3] Revisions are noted in **bold**.

fall within scope of the newly revised subpoena, is if the communication were between former Defendant Lee, Defendant Ettore, and Sharif | Faust lawyers.

As represented by Plaintiffs' counsel, the Bureau of Prisons maintains that there are no privileged communications in the production. (ECF No. 166-1 ¶ 7; ECF No. 166 at 2-4.) However, based on Plaintiffs' briefing and supporting declarations from counsel, the Bureau of Prisons takes this position because they claim that by using the prison's communication systems, former Defendant Lee would have waived the privilege as to any communications that could have been protected.[4] (ECF No. 166-1 ¶¶ 7-8; ECF No. 166 at 2, 10-11; ECF No. 162-1 at 14-15.) It is unclear whether there are in fact any communications within the production that are between former Defendant Lee, Defendant Ettore, and counsel from Sharif | Faust during their representation of former Defendant Lee and Defendant Ettore that could be subject to attorney client privilege.[5]

However, neither Defendant Ettore nor her counsel has provided details as to when such communications took place. (*See* ECF No. 165.) This lack of specificity, when counsel would likely be in the possession of at least some details as to the dates and in what manner such communications occurred, leads the Court to believe that no such recorded communications between former Defendant Lee, Defendant Ettore, and counsel from Sharif | Faust took place. To the extent that a production pursuant to the subpoena as revised by the Court would include communications between Former Defendant Lee, Defendant Ettore and counsel from Sharif | Faust during the time period at issue, the Bureau

---

[4] The Court acknowledges that both the Bureau of Prisons and Plaintiffs maintain that "federal case law holds that there is no expectation of confidentiality or privacy with the use of surveilled prison communication media, including phone calls, emails, and meetings in general visitors rooms" and that "attorney-use of such media in communications with clients constitutes a waiver of privilege." (ECF No. 166 at 4; *see also* ECF No. 162-1 at 9-11.) As it is unclear whether there are any communications that could possibly even be subject to the attorney client privilege under the subpoena as revised by the Court, the Court declines to address this issue at this time.

[5] Former Defendant Lee filed a motion to substitute himself in, pro se, in place of Matthew Faust of Sharif | Faust. (ECF Nos. 82-83.) Accordingly, on July 29, 2016, Faust was terminated as counsel for former Defendant Lee. (ECF No. 84.) Thus, if any conversations or communications between former Defendant Lee, Defendant Ettore, and counsel from Sharif | Faust occurred after July 29, 2016, they would not be subject to the attorney client privilege.

of Prisons **is to withhold any such communications from the production** and file a notice informing the Court of the existence of such communications by close of business on **Monday, June 9, 2017**. If such a notice is filed, the Court will then set a telephonic status conference with the parties to discuss further briefing and possible *in camera* review.

## V. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** Plaintiffs' Motion for An Order Requring Federal Bureau of Prison Compliance with Subpoenas (ECF No. 162). In keeping with the Court's instructions limiting the scope of the Revised Subpoena set forth above and directing the Bureau of Prisons to withhold any communications between Defendant Ettore, Defendant Lee and counsel from Sharif | Faust during the time period of former Defendant Lee and Defendant Ettore's representation, the Bureau of Prisons shall comply with the subject subpoena on or before **Thursday, June 15, 2017**.

**IT IS SO ORDERED.**

Dated: June 8, 2017

Hon. Bernard G. Skomal
United States Magistrate Judge