1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| Kathryn AYERS, et al.,<br><br>                                   Plaintiff,<br><br>v.<br><br>James Yiu LEE, et al.,<br><br>                                   Defendant. | Case No.:  14-cv-00542-BGS-NLS<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR A DETERMINATION THAT ADVERSE INFERENCES LIE WITH THE ASSERTION OF THE FIFTH AMENDMENT BY THIRD-PARTY WITNESSES**<br><br>[ECF No. 206] |

## I.   INTRODUCTION

Plaintiffs' filed their Motion for a Determination that Adverse Inferences Lie with the Assertion of the Fifth Amendment by Third-Party Witnesses, seeking the Court to rule on whether an adverse inference should lie as to the testimony by deposition witnesses Roger, Ullo and Timo Ettore who invoked the Fifth Amendment during their depositions.  (ECF No. 206-1 at 2.)  The Defendant opposes.  (ECF No. 212.)  The Court will address the substance of their positions as relevant to its analysis.

///

1

## II.   LEGAL STANDARD

"[T]he Fifth Amendment's protections against self-incrimination can be asserted in any proceeding, be it civil, criminal, administrative, judicial, investigative or adjudicatory." *Doe ex rel. Rudy-Glanzer v. Glanzer,* 232 F.3d 1258, 1263 (9th Cir. 2000).  "However, in the civil context, the invocation of the privilege is limited to those circumstances in which the person invoking the privilege reasonably believes that his disclosures could be used in a criminal prosecution, or could lead to other evidence that could be used in that manner." *Id.*  "The only way the privilege can be asserted is on a question-by-question basis, and thus as to each question asked, the party has to decide whether or not to raise his Fifth Amendment right." *Id.*  Accordingly, "the assertion of the privilege necessarily attaches only to the question being asked and the information sought by that particular question." *Id.* at 1265.

"[N]o negative inference can be drawn against a civil litigant's assertion of his privilege against self-incrimination unless there is a substantial need for the information and there is not another less burdensome way of obtaining that information[.]" *Id.* at 1265.  "[A]n adverse inference can be drawn when silence is countered by independent evidence of the fact being questioned[.]" *Id.* at 1264.  "[W]hen there is no corroborating evidence to support the fact under inquiry, the proponent of the fact must come forward with evidence to support the allegation, otherwise no negative inference will be permitted." *Id.*  "The district court must [also] determine whether the value of presenting the evidence [is] substantially outweighed by the danger of unfair prejudice to the party asserting the privilege." *Nationwide Life Ins. Co. v. Richards,* 541 F.3d 903, 912 (9th Cir. 2008) (internal quotations omitted).

"Like all evidence presented to the jury, the inquiry for the admissibility of the negative inference from [the defendant's] silence begins with the relevance threshold, and with the consideration of whether the value of presenting such evidence was substantially outweighed by the danger of unfair prejudice that drawing the adverse inference on that question would have represented to [the defendant]." *Glanzer*, 232 F.3d at 1266.

## III.   ANALYSIS

Plaintiffs request the Court to rule that an adverse presumption lies with the invocation of the Fifth Amendment by the third-party witnesses.  (ECF No. 206-1 at 2.) However, they do not request a ruling regarding the specific adverse presumption allowed in connection with particular questions.  (*Id.*)  They assert that the topic will be the subject of a later motion, if the Court finds an adverse presumption lies.  (*Id.*)

Given the case law cited above, as well as the case law cited by the Plaintiffs, the Court does not find any support about an adverse presumption.  The Plaintiffs rely heavily on the Second Circuit case of *LiButti v. United States*, 107 F.3d 110 (2d Cir. 1997), in support of their position that an assertion of the Fifth Amendment in a civil case by a non-party can lead to adverse inferences admissible in the action.  (ECF No. 206-1 at 7–9.)  Therefore, the Court finds that the Plaintiffs are arguing for the admissibility of adverse inferences, as opposed to an adverse presumption.

Secondly, Plaintiffs focus their motion entirely on applying what they refer to as the *LiButti* factors, and Defendant responds in kind.  (*Id.* at 7–9.)  Plaintiffs argue that these factors are to be considered by the Court in determining whether an assertion of the Fifth Amendment by non-parties should be given an evidentiary inference.  (*Id.* at 8.)

In *LiButti*, the Second Circuit was called upon to decide whether the lower court was precluded, as a matter of law, from drawing an adverse inference against a party by the non-party's invocation of the Fifth Amendment.  107 F.3d at 120.  After referencing other cases, *LiButti* supported the conclusion that the circumstances of a given case, not the status of a particular non-party witness, is the admissibility determinant.  *Id.* at 121. Further, a bright-line rule for use in all civil cases should not "govern the admissibility of adverse inferences in keeping with the underlying objectives of the Federal Rules of Evidence and the Federal Rules of Civil Procedure 'to secure fairness in the administration of justice; to guarantee that the truth would be ascertained and proceedings would be determined justly.'"  *Id.* at 122 (citing *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 522–23 (8th Cir. 1984)).

*LiButti* indicates that "the issue of the admissibility of a non-party's invocation of the Fifth Amendment privilege against self-incrimination in the course of civil litigation[,] and the concomitant drawing of adverse inferences[,] appropriately center on the circumstances of the case." 107 F.3d at 120. However, *LiButti* also states that the evolving case law and its underlying rationale also suggests that there are an additional number of non-exclusive factors that should guide the trial court in making these determinations:

> (1) The Nature of the Relevant Relationships; (2) The Degree of Control of the Party Over the Non–Party Witness; (3) The Compatibility of the Interests of the Party and Non–Party Witness in the Outcome of the Litigation; and (4) The Role of the Non–Party Witness in the Litigation.

*Id.* at 123–24. The Second Circuit emphasized that "the overarching concern is fundamentally whether the adverse inference is trustworthy under all of the circumstances and will advance the search for the truth." *Id.* at 124.

After application of these factors, *LiButti* held that the circumstances compelled the admissibility. *Id.* at 124. *LiButti* indicated that since it "ruled on the issue of admissibility, the district court should now evaluate the relevance of [the non-party's] refusals and their probative value under Fed. R. Evid. 403, and the weight they should be accorded in the context of all of the other evidence." *Id.* (citing *F.D.I.C. v. Fid. & Deposit Co. of Maryland*, 45 F.3d 969, 977 (5th Cir. 1995) ("The admissibility of a non-party's exercise of the Fifth Amendment against a party [. . .] is a legal question that we must review *de novo*. Nevertheless, if such evidence is not inadmissible as a matter of law, the district court's specific determination of relevance and its evaluation of a potential Fed. R. Evid. 403 problem are reviewed for abuse of discretion.")).

While the Ninth Circuit has not ruled on the admissibility of a non-party's invocation of his Fifth Amendment privilege, several courts in this Circuit have addressed the *LiButti* factors in their Federal Rule of Evidence 403 analysis. In *MicroTechnologies, LLC v. Autonomy, Inc.*, the court indicated that the defendant made "a strong argument that an inference against [itself] is inappropriate under the Second

Circuit's widely cited test for adverse inference based on non-party witnesses, because [the defendant did] not control its former officers, there is at this point no special relationship of loyalty between them, their interests are not aligned, and the former officers have not controlled or participated in this litigation."  No. 15-CV-02220-JCS, 2018 WL 5013567, at *3 (N.D. Cal. Oct. 2018) (citing *LiButti*, 107 F.3d at 123–24).  The court indicated that MicroTechnologies, LLC, only addressed in passing the fact that these individuals are not parties and that, "[i]n appropriate circumstances," a former employee's invocation of the Fifth Amendment can support an adverse inference against the former employer.  *Id.* (citing *Brookridge Funding Corp. v. Aquamarine, Inc.*, 675 F. Supp. 2d 227, 234 (D. Mass. 2009)).  The court in *MicroTechnologies* stated that "[g]iven the risk of prejudice and the lack of clarity of exactly what inference might appropriately be drawn from these witness's blanket assertions of the Fifth Amendment at their depositions, this is not such a case."  *Id.  MicroTechnologies* concluded that, under Federal Rule of Evidence 403, "the risk of unfair prejudice and jury confusion substantially outweighs any minimal relevance that the jury might properly draw from [the non-party's] invocation of the Fifth Amendment privilege."  *Id.*

In *Schoenmann v. Salevouris*, the court held that under the specific circumstances of this case, "the probative value of [the non-party's] invocation of his Fifth Amendment privilege outweighs any danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  No. 15-cv-05193-JSC, 2016 U.S. Dist. LEXIS 147089, at *8 (N.D. Cal. 2016) (citing Fed. R. Evid. 403).  The court in *Schoenmann* specified that "*LiButti* factors (1) and (4) [were] particularly relevant to the Court's determination."  *Id.*

Here, the Court finds that the *LiButti* factors are best considered in the Court's analysis under Federal Rule of Evidence 403.  Admissibility of an adverse inverse cannot be viewed in a vacuum, since it largely depends not only on the trustworthiness of the adverse inference, but equally on its relevance to the litigation and the concerns outlined in Federal Rule of Evidence 403.  As such, Plaintiffs' motion is **DENIED without**

**prejudice** to re-raise as a motion *in limine*, but are to address the following issues.  First, as to each adverse inference the Plaintiffs seek to raise, they must identify the specific question wherein the witness invoked the Fifth Amendment and the reasonable inference that is raised by the witness's silence to that question.  Secondly, they must provide independent evidence of the fact to which the witness refused to answer.  Third, they are to address the relevance of the adverse inference to the important issues in the case.  *See* Fed. R. Evid. 401.  Fourth, they must address the considerations of Federal Rule of Evidence 403.  For this analysis, the Plaintiffs are to address the trustworthiness factors listed in *LiButti*.

      **IT IS SO ORDERED.**

Dated:  November 20, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge