UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kathryn AYERS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> James Yiu LEE, et al., <br><br> Defendants. | Case No.: 14-cv-00542-BGS-NLS <br><br> **ORDER DENYING DEFENDANT'S CHOICE OF LAW MOTION** <br><br> [ECF No. 207] |

## I.   INTRODUCTION

The Defendant moves this Court to apply California law instead of Nevada law to Claim X of Plaintiffs' First Amended Complaint ("FAC").  (ECF No. 207.)  Defendant's analysis centers around the question of which choice of law rules apply.  (*See id.*)  The Plaintiffs opposes.  (ECF No. 208.)  For purposes of this Order, the Court will address the parties' positions as they relate to its analysis.

## II.   LAW

When a federal court sitting in diversity hears state law claims, the conflicts laws of the forum state are used to determine which state's substantive law applies. *Alaska Airlines, Inc. v. United Airlines, Inc.*, 902 F.2d 1400, 1402 (9th Cir. 1990) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).  For example, in *389 Orange St. Partners v. Arnold*, the Ninth Circuit found that Oregon courts follow the Restatement

(Second) of Conflict of Laws § 145 approach in determining the appropriate substantive law. 179 F.3d 656, 661–62 (9th Cir. 1999) (citing *Casey v. Manson Constr. & Eng'g Co.*, 428 P.2d 898, 900 (Or. 1967) (adopting the approach in the tentative draft to the Restatement, which later became § 145)). The Ninth Circuit reasoned that the "Restatement focuses on the place where the injury occurred, the place where the conduct occurred, the domicile, nationality, place of incorporation and place of business of the parties, and the place where the relationship between the parties is centered[,]" and that "[c]omparable factors are applied when an Oregon court considers the appropriate law for a claim of misrepresentation." *Arnold*, 179 F.3d at 662 (citing *Western Energy, Inc. v. Georgia–Pacific Corp.*, 637 P.2d 223, 228–29 (Or. Ct. App. 1981) (citing Restatement (Second) of Conflict of Laws § 148)).

"California applies the 'governmental interest' analysis in choice-of-law questions" and "has specifically rejected the alternative 'place of the wrong' rule." *See CRS Recovery, Inc. v. Laxton*, 600 F.3d 1138, 1141–42 (9th Cir. 2010) (citing *Kearney v. Salomon Smith Barney, Inc.,* 137 P.3d 914, 922 (Cal. 2006); *Reich v. Purcell*, 432 P.2d 727, 729 (Cal. 1967)). The government interest analysis consists of three steps:

> First, the court examines the substantive law of each jurisdiction to determine whether the laws differ as applied to the relevant transaction. [. . .] Second, if the laws do differ, the court must determine whether a "true conflict" exists in that each of the relevant jurisdictions has an interest in having its law applied. If only one jurisdiction has a legitimate interest in the application of its rule of decision, there is a "false conflict" and the law of the interested jurisdiction is applied. [. . .] On the other hand, if more than one jurisdiction has a legitimate interest, the court must move to the third stage of the analysis, which focuses on the "comparative impairment" of the interested jurisdictions. At this stage, the court seeks to identify and apply the law of the state whose interest would be the more impaired if its law were not applied.

*Abogados v. AT&T, Inc.*, 223 F.3d 932, 934 (9th Cir. 2000) (citations and internal quotation marks omitted).

Notwithstanding, the Supreme Court has spoken on choice of law issues that arise in connection with one type of transfer under § 1404(a). In *Van Dusen v. Barrack*, the

Court held that when a case has been properly filed in one district court and was transferred under § 1404(a) to another district court in a different state by a defendant's motion, the transferee court is bound to apply the law that would have been applied by the state courts of the state in which the transferor court sat.  376 U.S. 612, 638–39 (1964); *see also Ellis v. Great Sw. Corp.*, 646 F.2d 1099, 1107 (5th Cir. 1981) ("We conclude, therefore, that in cases such as the present, where the defendants seek transfer, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue.")

In *Muldoon v. Tropitone Furniture Co.*, the Ninth Circuit found that despite "the foregoing assum[ing] that the action properly was transferred [. . .] under 28 U.S.C. § 1404(a) for the convenience of the parties and in the interest of justice[, . . .] [w]e distinguish between cases so transferred and those transferred under §§ 1404(a) or 1406(a) to cure a lack of personal jurisdiction in the transferor district."  1 F.3d 964, 966–67 (9th Cir. 1993) (citing *Nelson v. International Paint Co.*, 716 F.2d 640, 643 (9th Cir.1983)).  As to the latter, the Ninth Circuit found that "the law of the transferee district, including its choice-of-law rules, is applicable."  *See id.* (citing *Manley v. Engram*, 755 F.2d 1463, 1467 & n. 10 (11th Cir. 1985)).  "If the transfer had the effect of curing a defect in personal jurisdiction, and if [the Defendants] have not waived any objection to the transferor court's in personam jurisdiction, then the choice-of-law rules of the transferee jurisdiction should be applied."  *See id.* (citing *Davis v. Louisiana State Univ.*, 876 F.2d 412, 414 (5th Cir. 1989) (per curiam)).  "Both [Defendants], however, filed Rule 12(b)(6) motions with the district court in California without raising the issue of personal jurisdiction[,]" and "[o]rdinarily, the defense of lack of personal jurisdiction is waived if it is not interposed in a party's first Rule 12(b)(6) motion."  *Muldoon*, 1 F.3d at 967 (citing Fed. R. Civ. P. 12(g), 12(h)).

### III.   ANALYSIS

The present case was initially filed in the District of Nevada.  (*See docket*; *see also* ECF No. 28.)  There, the Defendants brought a Motion to Dismiss pursuant to Federal Rule

of Civil Procedure 12(b)(2) alleging that the Court did not have personal jurisdiction since the Defendants did not have minimal contacts with the state of Nevada. (*See* ECF No. 16 at 1–2.) In their motion, the Defendants sought to change venue to this Court seated in San Diego. (*Id.* at 2.) The Plaintiffs filed a lengthy response with exhibits to support their position that the Nevada court had personal jurisdiction over the Defendants. (ECF No. 24.)

Before the Nevada court ruled on the motion, Defendants filed a Motion to Change Venue to the Southern District of California pursuant to 28 U.S.C. § 1404(a) premised on convenience of the parties and witnesses, as well as in the interest of justice. (ECF No. 19 at 4.) In their response, Plaintiffs did not oppose the Defendants' motion to transfer on grounds that it would be more convenient in the Southern District of California, but emphasized that jurisdiction and venue were proper in Nevada. (ECF No. 25 at 1–2.) The District Court in Nevada granted the motion, noting that Plaintiffs acknowledged that transfer may promote judicial economy and convenience for the parties. (ECF No. 27 at 1.)

After the case was transferred to the Southern District of California, the Defendants withdrew their Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 35.) Defendants then filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiffs failed to adequately allege claims for violation of the Nevada Securities Act. (ECF No. 34.) In their motion, Defendants did not contest personal jurisdiction nor raise the choice of law issue. *See id.* Thereafter, Judge Burns denied the motion. (ECF No. 59.) Of note, the issue of choice of law was not raised by the parties nor specifically address by Judge Burns.

Given this scenario, the Court finds that the principles laid out by the Supreme Court in *Van Dusen v. Barrack*, and followed by this Circuit, control. *See* 376 U.S. 612 (1964). The record is clear that the transfer from Nevada to this court was made pursuant to the Defendants' motion under § 1404(a) for convenience of the parties, not for personal jurisdiction reasons. Although the Defendants initially contested personal jurisdiction,

they withdrew their motion.  (*See* ECF Nos. 16, 35.)  Further, Defendants' Motion for Change of Venue was specifically for convenience.  The Plaintiffs did not oppose the motion for this reason, and the Court granted the motion based on convenience.  (*See* ECF Nos. 19, 25, 27.)  The Defendants did not again raise the personal jurisdiction issue, as evidence by their Motion to Dismiss.[1]  (*See* ECF No. 34.)  Therefore, the Court finds that Nevada law governs Claim X in the FAC.

**IT IS SO ORDERED.**

Dated:  December 21, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[1] The Court further finds the Defendant waived the personal jurisdiction issue, given her conduct of withdrawing their motion and not raising it when she had the opportunity to do so.  (*See* ECF Nos. 34, 35.)  The Court also notes that the Defendant in this present motion did not address the Motion to Change Venue and how it affects her choice of law argument.  (*See* ECF No. 207.)