UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kathryn AYERS, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>James Yiu LEE, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 14-cv-00542-BGS-NLS<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR A DETERMINATION THAT THE COURT'S DAMAGE AWARDS AGAINST JAMES YIU LEE ARE LAW OF THE CASE AND APPLY TO ETTORE SHOULD SHE BE LIABLE UNDER NRS § 90.660(4)**<br><br>[ECF No. 205] |

## I.　INTRODUCTION

The Plaintiffs move this Court to apply the Law of the Case Doctrine to Judge Burns' damage awards against defaulting Defendant James Yiu Lee. (ECF No. 205.) The Defendant opposes. (ECF No. 211.) Plaintiffs then filed a reply. (ECF No. 213.) For purposes of this Order, the Court will address the parties' positions as they relate to its analysis.

///

///

///

## II. DISCUSSION

### A. Applicability of the Doctrine

Judge Burns granted in part Plaintiffs' Motion for Default Judgment against Lee. (ECF No. 126.) As part of the Order, Judge Burns determined the amount of damages applicable to Lee based on the declaration of P. Richard Evans, an expert in forensic evaluations in security cases. (*Id.* at 3.) Lee did not offer any opposition to Plaintiffs' motion, which the Court construed as Lee's consent to the motion being granted. (*Id.* at 2.) It is this damage awards finding against Lee that Plaintiffs' assert should be applied against the Defendant under the Doctrine of Law of the Case. (ECF No. 205-1 at 10.)

"As most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16 (1988) (alteration in original). Furthermore, when a rule of law has been decided adversely to one or more codefendants, the Law of the Case Doctrine precludes all other codefendants from relitigating the legal issue. *See United States v. Schaff*, 948 F.2d 501, 506 (9th Cir. 1991) (relying on Law of the Case Doctrine to preclude defendant from challenging jury instruction on appeal, which had been previously upheld in an appeal by a codefendant); *see also United States v. Bushert*, 997 F.2d 1343, 1355–56 (11th Cir. 1993) (relying on *Schaff*, the court held that the Law of the Case Doctrine precluded defendant from challenging the district court's denial of his suppression motion where codefendants had unsuccessfully made the same challenge in prior appeal).

"Unlike the more precise requirements of res judicata, law of the case is an amorphous concept. As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. [. . .] Law of the case directs a court's discretion, it does not limit the tribunal's power." *Arizona v. California*, 460 U.S. 605, 618 (1983)

(citing *Southern Ry. Co. v. Clift*, 260 U.S. 316, 319 (1922); *Messenger v. Anderson*, 225 U.S. 436, 444 (1912)), *decision supplemented*, 466 U.S. 144 (1984).

The determination by Judge Burns did not involve a legal issue, rather a factual one as to the amount of damages to be awarded to the Plaintiffs, against Lee. (*See* ECF No. 126.) Even Judge Burns confirmed the factual nature of his finding:

> Because the Court has not had the benefit of adversarial briefing that might uncover any inaccuracies or inflated estimates, the Court has reviewed this portion of the briefing particularly carefully. The Court has reviewed Evans' credentials and finds that he qualifies as an expert. The Court also finds that his method of estimating damages is legally permissible and appropriate in this case.

(*Id.* at 3.) Of note, Lee offered no opposition to Judge Burns' damages determination. In that the issue of damages was a factual one and not legal in nature, the Court exercises its discretion and finds that the Law of the Case Doctrine is not applicable here. "The doctrine of law of the case concerns the continued application of a rule of law previously determined in the same case." *United States v. Maybusher,* 735 F.2d 366, 370 (9th Cir. 1984); *see also United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) ("Under law of the case principles, our rejection of Merlo's argument became the law of the case for purposes of both Merlo and Aramony. *Critically*, the argument at issue is a legal one, which was raised by Merlo, a codefendant of Aramony, in the Defendants' first appeal, and was rejected by this court in our decision in that appeal.") (emphasis added).

### B. Fairness under the Doctrine

A fundamental precept of common-law adjudication is that an issue once determined by a competent court, it is conclusive. *See Montana v. United States*, 440 U.S. 147, 153 (1979); *see also Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Cromwell v. County of Sac.*, 94 U.S. 351, 352–53 (1876). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of

inconsistent decisions." *Arizona v. California*, 460 U.S. at 619 (citing *Montana v. United States*, 440 U.S. at 153–54), *decision supplemented*, 466 U.S. 144 (1984).

The Defendant in this case was not given any opportunity to litigate the issue of damages. She was not a noticed party to Lee's default judgment or given a full and fair opportunity to litigate the issue. Further, her interests were not represented by Lee, since he did not oppose and Judge Burns found that he consented to the default judgment. (*See* ECF No. 126.) "[L]aw of the case is an equitable doctrine that should not be applied if it would be unfair [. . .] to bar [a party] from relitigating the disputed issue." *Maybusher*, 735 F.2d at 370.

In *Maybusher*, the Government wanted to re-litigate the legality of the Red Barron search, which had previously been decided in favor of co-defendants who had been arrested before Maybusher. *See* 735 F.2d at 370. Maybusher contended that the search was illegal based on the previous ruling against his co-defendants, and therefore was law of the case. *See id.* The Ninth Circuit held that the doctrine did not apply in Maybusher's case because it was not entirely the same case, in that Maybusher was not a party to the final proceedings in the previous case and his conviction did not occur in the same trial as his co-defendants. *See id.* The Court reasoned, "The policy of finality underlying the doctrine is not offended by our permitting the Government to argue the legality of the Red Baron search here. As it pertains to defendant Maybusher, the search was based on the facts as further developed and litigated in his separate motion to suppress. Moreover, law of the case is an equitable doctrine that should not be applied if it would be unfair to the Government to bar it from relitigating the disputed issue." *Id.*

Similarly, although Lee was a party in Defendant's case, it is not entirely the same case. As in *Maybusher*, Ettore did not participate in the final order of default against Lee nor was she given an opportunity, as noted by Judge Burns, to uncover inaccuracies and inflated estimates. Like the Government in *Maybusher*, Ettore must be given the opportunity in fairness to dispute the Plaintiffs' unchallenged damages expert. To not so allow would be unfair to her.

**C. Judge Burns' Rule 54(b) Final Judgment**

On December 23, 2016, Plaintiffs moved for default judgment against Lee. (ECF No. 116.) No where in this motion do the Plaintiffs request the Court to make a determination "that there is no just reason for delay" under Rule 54(b). (*See id.*) Judge Burns granted the motion in part and entered default judgment against Lee. (ECF No. 126.) Thereafter, the Court issued its damages awarded to each plaintiff. (ECF No. 127.) In neither of these orders does the Court make an explicit finding that there was no just reason for delay, as is required for a final judgment under Rule 54(b) when there are other defendants remaining in the case.[1] (*See id.*)

Thereafter, on March 2, 2017, the Plaintiffs filed an *ex-parte* application for an order shortening time for a motion to enter final judgment against Lee, including a determination under Rule 54(b) that there was no just reason for delay. (ECF No. 139.) The Plaintiffs proffered that good cause existed for the order shortening time, in that granting the motion for final judgment against Lee would facilitate the Plaintiffs' and Defendant's consent for this Court to handle all matters including trial. (*Id.* at 2.) As Plaintiffs correctly point out, in order to proceed with the trial of the remaining Defendants and Plaintiffs, the Court would require consent from Lee as well as the other remaining Plaintiffs since there was no final judgment entered. (ECF No. 139-1 at 2–3.) Therefore, the Plaintiffs sought this order shortening time to bring a motion for a final judgment against Lee.[2] (*Id.* at 3.) Plaintiffs argued that with an order shortening time concerning the finality of judgment against Lee, such a decision would serve judicial economy and provide clarity regarding who must consent to the referral of this litigation to this Court. (*Id.* at 4.)

---

[1] In the context of a multi-defendant lawsuit, a court "may direct entry of a final judgment as to one or more, but fewer than all [. . .] parties only if the court determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

[2] According to Plaintiffs, Defendant Ettore was not willing to agree to a Rule 54(b) determination for a final judgment as to Lee. (ECF No. 139 at 3.)

Plaintiffs' motion sought an express finding that there is no just reason for delay of entry of final judgment as to Lee. (ECF No. 139-3 at 2.) In sum, they argued that the instant case involved no risk of logically inconsistent adjudications as to liability, in that distinct claims and different theories of liability are alleged against the Defendant. (ECF No. 139-4 at 5.) Plaintiffs argued that this case does not involve a unitary theory of identical liability for all of the multiple defendants, nor does it rely on the same evidence to prove the same infraction was committed by all of the multiple defendants. *See id.* Relying on the logic articulated in *Shanghai Automation Instrument Co., Ltd. v. Kuei*, the Plaintiffs concluded that there is no risk of inconsistent liability holdings resulting in an injustice in this action, therefore the Court should determine that there is no just reason for delay in entering final judgment against Lee, consistent with Rule 54(b). (*Id.* at 6) (citing 194 F.Supp.2d 995, 1008 (N.D. Cal. 2001)).

Judge Burns thereafter issued his Order entering a final judgment against Lee. (ECF No. 141.) "Because immediate entry of judgment against Lee would allow the case to be adjudicated more efficiently and fairly as to the remaining parties, and because neither Lee nor anyone else would be unfairly prejudiced by it, the Court finds there is no just reason to delay entry of final judgment against Lee."[3] (*Id.* at 2.)

The Court recites this chronology because in her opposition, the Defendant seems to anticipate an argument by the Plaintiffs that Judge Burns' Order of Final Judgment as to Lee (ECF No. 141) binds the Defendant to the damages award found against Lee (ECF Nos. 126, 127) pursuant to Rule 54(b). (*See* ECF No. 211 at 3–6.) The Defendant argues that Judge Burns' Final Judgment against Lee does not bind the Defendant to the damages awarded by the Court as part of that final judgment. (*See id.*) Of importance, the Court notes that Plaintiffs did not make this contention in their motion.

---

[3] Judge Burns terminated the remaining Plaintiffs who did not consent to this Court's jurisdiction based on the final judgment against Lee. (ECF No. 146.) Judge Burns then transferred the remaining parties to this Court for all proceedings. (*Id.*)

In their Reply to Defendant's opposition, Plaintiffs argue that "well-established case law under Fed. Rule Civ. P 54(b) holds that a Court can only enter a final judgment and find 'there is no just reason for delay,' if there is no risk of inconsistent judgments on the claims between/among the parties and damages." (ECF No. 213 at 5) (case citations omitted). Plaintiffs argue that since there is joint and several liability under NRS §§ 90.660(1) and (4), there can be no inconsistency as to damages.[4] (*Id.* at 5–6.) Plaintiffs conclude that the law underpinning Rule 54(b) adds further support that the damage determination against Lee is applicable to Ettore by operation of the Nevada statute and law of the case. (*Id.* at 6.)

Under the circumstances as detailed above, the Court does not agree that Judge Burns' Rule 54(b) finding supports Plaintiffs' position that there can be no inconsistency as to damages. Of note, the damages that Judge Burns awarded the Plaintiffs against Lee did not have the benefit of the adversary process. (*See* ECF No. 126 at 3) (stating that adversarial briefing might uncover any inaccuracies or inflated estimates). Were Defendant's case to go to trial, conceivably the jury could find a different award of damages than that found by Judge Burns. *See Eli Lilly & Co. v. Gitmed*, No. 116CV00178DADSAB, 2017 WL 1101827, at *7 (E.D. Cal. Mar. 2017), *report and recommendation adopted*, No. 116CV00178DADSAB, 2017 WL 1788077 (E.D. Cal. May 2017) (Where Defendants are joint tortfeasors and Plaintiff is seeking a single damages award, the Court found it prudent to defer ruling on damages against the default defendant until the action is resolved against the non-defaulting defendant).

This Court is not called upon to address Judge Burns' Order of Final Judgment against Lee, and does not do so here. However, the Court will not bootstrap that Order to bind the Defendant to the amount damages awarded against Lee because of the

---

[4] Of note, the Plaintiffs did not address inconsistency in damage awards when they moved Judge Burns to order final judgment against Lee. (*See* ECF No. 139-4 at 3–6.) Their sole argument concerned there being no risk of inconsistent results as regards Lee's liability under § 90.660(1) and Defendant's liability as an accessory under § 90.660(4). (*See id.*)

conceivable risk of inconsistent damage awards. The Rule 54(b) Order is not final as to Ettore, and pursuant to Rule 54(b), Lee's final judgment does not end the action as to her liability, which includes liability for damages.[5]

### III. CONCLUSION

Based on the above reasoning, Plaintiffs' motion for a determination that the Court's damage awards against Lee are law of the case and should be applied against Ettore (ECF No. 205) is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 30, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[5] Based on the chronology cited above, it is clear to the Court that the Final Judgment against Lee was not intended to bind Ettore to Lee's liability, which includes damages. The purpose, as argued by the Plaintiffs in their *ex-parte* motion to Judge Burns, was to facilitate the remaining parties consent to this Court's jurisdiction. Judge Burns noted as much in his Order. (*See* ECF No. 141 at 2.)